UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:06-cr-00011-JDL |
| | ) | |
| ROBERT J. PEDREIRA, SR., | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION
ON MOTION TO MODIFY RESTITUTION SENTENCE
OR ADJUST PAYMENT SCHEDULE**

Defendant Robert J. Pedreira, Sr., moves to modify the restitution portion of his sentence and/or to adjust the payment schedule. (Motion, ECF No. 63.) Following a review of Defendant's motion, I recommend the Court deny the motion.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant was convicted in 2006 of seven counts of making a false, fictitious or fraudulent income tax return claim, 18 U.S.C. §§ 287 & 2. (Judgment, ECF No. 18 at 1-2.) The Court sentenced Defendant to concurrent prison terms of 48 months on each of the counts (also concurrent with a state court sentence), to be followed by concurrent terms of three years of supervised release. (*Id.* at 3-4.) In addition, the Court imposed criminal monetary penalties consisting of a $700.00 assessment and $12,403.58 in restitution. (*Id.* at 6.) The schedule of payments set forth in the judgment provided that penalties were due "[i]n full immediately," with the balance due as follows:

> Any amount that the defendant is unable to pay now is due and payable during the term of incarceration. Upon release from incarceration, any remaining balance shall be paid in monthly installments, to be initially determined in amount by the supervising officer. Said payments are to be made during the period of supervised release, subject always to review by the sentencing judge on request, by either the defendant or the government.

(*Id.* at 7.)

In March 2017, the Court found Defendant guilty of having violated, for a period ending in 2009, two of the standard conditions and two of the special conditions of his supervised release. (Revocation Judgment, ECF No. 43 at 1-2.) Defendant was sentenced to a prison term of 24 months. (*Id.* at 3.) The schedule of payments set forth in the revocation judgment provides that a lump sum payment of $13,103.58 was due immediately, with the balance due in the same manner as provided in the initial judgment. (Revocation Judgment at 5.)

Defendant appealed from the revocation judgment, but he later voluntarily dismissed the appeal. (Notice of Appeal, ECF No. 48; First Circuit Judgment, ECF No. 60 (docketed in First Circuit at *United States v. Pedreira*, Nos. 17-1277, 17-1308 (1st Cir. May 9, 2017).)[1]

---

[1]In addition to the filings in this Court, Defendant unsuccessfully sought relief in the United States District Court for the District of Massachusetts from the manner in which the Bureau of Prisons has administered his restitution payments. (*Pedreira v. Asst. Warden FMC Devens, et al.*, No. 17-11636-FDS, Order, ECF No. 7 at 1 (D. Mass. Sept. 28, 2017).) It is unclear from Defendant's filings in that case whether the District of Massachusetts action relates to the restitution order at issue in Defendant's pending motion in this Court. However, to the extent Defendant challenges the execution of the sentence by the Bureau of Prisons, he appropriately brought the challenge in the district in which he is incarcerated. *See United States v. Fenton*, 577 F. Supp. 2d 458, 459 (D. Me. 2008) (noting that a habeas petition pursuant to 28 U.S.C. § 2241, brought in the district of incarceration, is the appropriate procedure for a challenge that the Bureau of Prisons has not complied with regulations governing the Inmate Financial Responsibility Program (IFRP)); *Solomon v. United States*, 680 F. App'x 123, 125 (3d Cir. 2017) (per curiam) ("Solomon's challenge to the BOP's execution of his sentence was properly brought pursuant to § 2241.") (citing *McGee v. Martinez*, 627 F.3d 933, 937 (3d Cir. 2010)).

In Defendant's motion in this Court, he asserts he has requested administrative relief from the manner in which the Bureau of Prisons has executed the restitution order; he also asserts that, as of November 1, 2017, he had not received notice of a decision in the administrative proceeding. (Motion, ECF No. 63.)

## II. DISCUSSION

In his motion, Defendant arguably seeks two forms of relief: a modification of the sentence, and/or an adjustment to the payment schedule.[2] Defendant's revocation judgment became final following his voluntary dismissal of the appeal. *See* 18 U.S.C. § 3664(o); *United States v. Pelletier*, No. 1:06-cr-00058-JAW-01,

---

The Court in the District of Massachusetts action noted, in its order of dismissal, that Defendant had filed a motion for an emergency injunction to prevent him from being placed in "refusal status" under the IFRP. (*Pedreira*, No. 17-11636-FDS, Order, ECF No. 7 at 1 (D. Mass. Sept. 28, 2017).) The Court explained:

> The IFRP requires inmates who have outstanding debts or obligations to make payments on these obligations while incarcerated. Technically, the program is voluntary, but if an inmate does not make a required quarterly payment, he may be placed in "refusal" status and lose certain privileges. *See* 28 C.F.R. §§ 545.10, 545.11(d).
>
> Pedreira alleges that he does not have enough money to make the $25 IFRP payment due on September 9, 2017. He further asserts that when calculating the amount of his IFRP payment, the administrators wrongfully and knowingly took into account a one-time cash gift that he had received when he arrived at FMC Devens. He represents that his only source of income is from prison employment. He further asserts the only way he can make his IFRP payment is to forgo communication with his family and his modest commissary purchases for toiletries.

(*Id.* at 1-2 (footnote omitted).) The Court denied relief on both procedural and substantive grounds: Defendant had not filed a complaint, and thus had not properly commenced a civil action; construing the motion as a complaint, Defendant had failed to certify that he had provided notice to adverse parties; Defendant had not exhausted his administrative remedies; and the Court could not "reasonably infer that placing [Defendant] in IFRP refusal status is unlawful," based on Defendant's allegations. (*Id.*, at 2-3; Final Order of Dismissal, ECF No. 8.)

[2] Defendant is serving the revocation judgment sentence; therefore, the operative restitution order is the one set forth in the revocation judgment.

3

2017 WL 5162800, at *8-9, 2017 U.S. Dist. Lexis 184036, at *22-25 (D. Me. Nov. 7, 2017) (discussing section 3664(o)).³ Defendant's restitution sentence may not be modified, because the revocation judgment is final, and Defendant has not asserted any facts that would satisfy any of the statutory bases for relief from or a modification of the judgment.⁴

In addition, the "interests of justice" do not support an adjustment to the payment schedule, pursuant to 18 U.S.C. § 3664(k), because the motion does not assert "any material change in the defendant's economic circumstances that might affect the

---

³Title 18 U.S.C. § 3664(o) provides:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that –
>
> (1) such a sentence can subsequently be –
>
>   (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
>   (B) appealed and modified under section 3742;
>
>   (C) amended under subsection (d)(5); or
>
>   (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

⁴ Subsection 3664(o)(1)(A) does not apply, because Fed. R. Crim. P. 35 relates to the correction of "a sentence that resulted from arithmetical, technical, or other clear error," or the reduction of a sentence for substantial assistance; and because 18 U.S.C. § 3742 relates to review on appeal. Subsection 3664(o)(1)(B) does not apply, because it also relates to section 3742. Subsection 3664(o)(1)(C) does not apply, because subsection (d)(5) relates to when the victim's losses are not ascertainable. Subsection 3664(o)(1)(D) does not apply, because, as discussed below, defendant is not entitled to an adjustment under subsection 3664(k); because 18 U.S.C. § 3572 relates to the imposition of fines; and because 18 U.S.C. § 3613A relates to the effect of a default on a payment of a fine or restitution. Subsection 3664(o)(2) does not apply, because 18 U.S.C. § 3565 relates to the revocation of probation; and because 18 U.S.C. § 3614 relates to resentencing upon a failure to pay a fine or restitution.

defendant's ability to pay restitution."[5]  Defendant asserts he earns approximately twenty dollars per month through prison employment.  (Motion, ECF No. 63.)  He states his counselor wants him to save eight dollars per month in order to pay twenty-five dollars per quarter.  (*Id.*)  In short, Defendant's assertions do not constitute a material change of economic circumstances, and therefore there is no basis for an adjustment to the payment schedule.  *See* § 3664(k); *United States v. Chan*, 298 F. App'x 634, 635 (9th Cir. 2008) (concluding that "[t]o the extent that Chan challenges her restitution payments based on her ability to pay, her contention is not ripe," and citing section 3664(k)).

### III.  CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion. (ECF No. 63.)

---

[5]Title 18 U.S.C. § 3664(k) provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of November, 2017.