UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:06-cr-00011-LEW |
| | ) | |
| ROBERT J. PEDREIRA, SR., | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

This matter is before the Court on Defendant Robert Pedreira's *pro se* Motion to Suspend Restitution (ECF No. 72).[1]  For the reasons that follow, the motion is DENIED.

In 2006, Pedreira pled guilty to seven counts of making a false income tax return claim under 18 U.S.C. §§ 287 and 2.  ECF No. 18 at 1-2.  As part of his sentence, he was ordered to pay a $700 assessment and restitution to the Internal Revenue Service in the amount of $12,403.58.  ECF No. 18 at 6.  The judgment further provided that payment was due "[i]n full, immediately," but that if Pedreira was unable to make that payment, the outstanding balance would be "due and payable during the term of incarceration," and "any remaining balance shall be paid in monthly installments" during his term of supervised release.  ECF No. 18 at 7.

Two decades later, Pedreira's outstanding balance is $8,472.74, according to his motion.  Mot. at 1.  In support of his request to suspend payment, Pedreira represents that

---

[1] This is Pedreira's third attempt to reduce or suspend payment on the restitution he owes.  *See* Mot. to Modify Restitution (ECF No. 63); Mot. for Relief from Offset (ECF No. 68).  None so far has been successful. *See* R. & R. Decision (ECF No. 66); Order Accepting R. & R. Decision (ECF No. 67); Order on Def.'s Mot. for Relief from Offset (ECF No. 70).

he was injured in a car accident and has been unable to work. Mot. at 2. He further represents that his only income is a monthly Social Security payment of $960.00, which the Treasury Department garnishes at a fifteen percent rate. *Id*. This is an application of the Treasury Offset Program (TOP), which allows the Treasury Department "to collect delinquent debts by offsetting federal disbursements owed to the debtor," *United States v. Beulke*, 892 F. Supp. 2d 1176, 1186 (D.S.D. 2012), including "all payments due to an individual under . . . the Social Security Act," 31 U.S.C. § 3716(c)(3)(A)(i).

First, Pedreira seeks to set aside the underlying restitution order under 18 U.S.C. § 3664(k), which allows the Court to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require," when there is a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." Again, Pedreira was initially ordered to pay the restitution he owed in full. *See* ECF No. 18 at 7. As a result, there is no "payment schedule" in the restitution order that I can "adjust" under this provision. 18 U.S.C. § 3664(k). And Section 3664(k) does not provide a mechanism that would allow the Court to vacate restitution once it has been ordered.[2]

Pedreira separately seems to be asking me to suspend the administrative offset of his Social Security payments, in light of his changed economic circumstances. In a 2021 order, Judge Levy rejected Pedreira's request for relief from this administrative offset:

---

[2] For the reasons the Government states in its response, I am not persuaded that the other mechanisms through which a judgment in a criminal case may be revisited are available here, either. *See* Gov't Resp. at 5-9 (explaining why the restitution order is not open to reconsideration under Fed. R. Crim. P. 35 or 18 U.S.C. § 3664(o)).

> "[W]hile [an] offset is being used to satisfy [a defendant's] restitution obligations, his challenges to the offset are separate and independent from any matter in his criminal case." . . . For that reason, "addressing the challenged offset in the context of [a] criminal case is not appropriate, especially [when the defendant] does not challenge the propriety of the restitution award itself." . . . In short, once restitution was ordered, the IRS, in its capacity as a victim, was owed restitution, and the collection efforts through the TOP-imposed administrative offset cannot be challenged through Pedreira's criminal proceeding.

Order on Def.'s Mot. for Relief from Offset at 2 (ECF No. 70) (quoting *United States v. Silvious*, No. 5:15-cr-00011, 2017 WL 3272020, at *2 (W.D. Va. Aug. 1, 2017)). Judge Levy also concluded that "debtors 'who are dissatisfied with the application of a [TOP] offset' must first petition for relief through the TOP's administrative procedures," which Pedreira did not show he had done. *Id*. at 2-3 (quoting *Benjamin v. United States*, No. 3:13-CV-313, 2014 WL 3900220, at *5 (M.D. Pa. Aug. 8, 2014)).

In the instant motion, Pedreira claims that he has "tried to exhaust Administrative Remedies with DA Benson[3] in Banor" by sending him "several letters," and asks that I excuse the exhaustion requirement outlined above. Mot. at 1-2 (citing *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243 (D.C. Cir. 2004) and *Adamski v. McHugh*, 304 F. Supp. 3d 227 (D.D.C. 2015)). It appears, then, that Pedreira has neither exhausted his administrative remedies nor initiated a civil action that seeks judicial review of a final agency action. Again, if Pedreira wishes to contest the offset of his Social Security payments, "his relief lies through administrative proceedings or separate litigation challenging that offset decision"—not in the docket of his criminal case. *Benjamin*, 2014 WL 3900220, at *5.

---

[3] I understand Pedreira to refer here to Andrew Benson, U.S. Attorney for the District of Maine.

3

CONCLUSION

Defendant's Motion to Suspend Restitution (ECF No. 72) is DENIED.


SO ORDERED.

Dated this 7th day of July, 2026.


/s/ Lance E. Walker
Chief U.S. District Judge